IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE BANKS, # 32839-044,

    Petitioner,

vs.                                                          Case No. 14-cv-74-DRH

JAMES CROSS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### I. Introduction and Background

Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois (Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. The petition was filed on January 22, 2014. Specifically, he asserts that respondent has not properly considered his eligibility for up to 12 months' placement in a halfway house/Residential Re-entry Center ("RRC") under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 1, pp. 1-4).

Petitioner pled guilty to possession with intent to distribute cocaine base, and was sentenced on March 16, 2007, to 121 months in prison (Doc. 1, p. 1). *United States v. Banks*, Case No. 05-cr-734 (E.D. Mo., Doc. 45). His sentence was later reduced to 120 months after he moved for retroactive application of the new sentencing guidelines (Doc. 1-1, p. 1; Doc. 53 in criminal case). According to

petitioner, his projected release date is December 6, 2014.

In July 2013, petitioner applied for a full 12 months of RRC placement (Doc. 1, p. 2; Doc. 1-1, p. 1). In September 2013, his case manager informed him that he was given only six months' placement, because he had "17 people on [his] phone list and received $1,539.36 over the past six months" (Doc. 1, p. 2). While these facts are pertinent to the third factor which prison officials are required to consider in assessing an inmate's suitability for RRC placement (history and characteristics of the prisoner), petitioner claims that the other four statutory factors were ignored. See 18 U.S.C. § 3621(b).[1] He argues that if each of the five factors had been properly considered, his offense history, age, lack of prior employment, and his successful completion of the prison's Drug Education Program and Residential Re-entry Program would have pointed to a longer RRC placement (Doc. 1, pp. 3-4).

Petitioner informally questioned the six-month RRC placement without success. He then filed his first Administrative Remedy request on October 8, 2013, appealing each denial to the next level (Doc. 1, p. 4). He submitted his BP-11 to the General Counsel of the Federal Bureau of Prisons (BOP) on or about November 26, 2013 (Doc. 1-1, p. 8). He asserts that the time for a response had expired before he filed the instant habeas petition, and that under the applicable

---

[1] The five statutory factors to be considered in designating the place of a prisoner's confinement are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

regulations, his administrative remedies should be deemed exhausted (Doc. 1, p. 4).

The petition notes that the claimed constitutional violation occurred in the *process* used to conclude that he should have only six months in the RRC, not in the fact that he was given less than the potential full twelve months' RRC placement (Doc. 1, pp. 4-5). However, he argues that a § 2241 petition is the proper method of challenging respondent's RRC decision because "success would mean that [he] is entitled to a quantum change in [his] level of custody at a particular time (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005))." *Id*. Petitioner goes on to request injunctive relief specific to himself (an order requiring the respondent to place him in an RRC on or around March 6, 2014); as well as prospective injunctive relief to other prisoners (an order for respondent to "properly consider each factor under 18 U.S.C. 3621(b) for all future RRC prerelease placements") (Doc. 1, p. 5). Finally, he asks the Court to "define 'good faith' for the Respondent." *Id*.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court

the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner challenges the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). A Section 2241 petition is also appropriate if a prisoner seeks release from custody because his custody violates the Constitution or federal laws. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). In this case, petitioner seeks what he characterizes as a quantum change in confinement, RRC placement. If a prisoner seeks a "quantum change in the level of custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to a civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005).

While the Court maintains subject matter jurisdiction, because petitioner characterizes RRC placement as a quantum change in the level of custody, the requested relief is unavailable to petitioner. This Court does not have the authority to decide RRC placement. At best, the Court could order the BOP to reconsider its decision. However, this does not necessarily spell speedier release as the BOP could again decline to extend RRC placement. Therefore, it plainly appears from the petition that a habeas corpus action is not the appropriate

vehicle for petitioner's claim. This court is not making a decision on the ultimate merits of Banks' claims; rather, any challenge to the BOP's decision must be brought in a civil rights suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### III. Disposition

**IT IS THEREFORE ORDERED** that Maurice Banks' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**, without prejudice to a civil rights action.

Banks is **ADVISED** that if this claim is brought as a civil rights case, it will be subject to the provisions of the Prison Litigation Reform Act (PLRA), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner will be responsible for paying a much higher filing fee of $400.00.[2] The obligation to pay this fee is incurred when the lawsuit is filed, and the PLRA requires a prisoner to pay the fee in full. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Finally, petitioner could be assessed a "strike" if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

---

[2] A litigant who is granted leave to proceed in forma pauperis (IFP) in a civil rights action must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. If IFP status is granted, a prisoner must pay the fee in installments.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability from the dismissal of this Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
Signed this 10th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.10 14:31:56 -05'00'

**Chief Judge**
**United States District Court**